IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVIS STEVERSON and VERNA STEVERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 3:24-cv-01039 |
| FREEMAN RECOVERY CENTER, et al., | ) ) ) | JUDGE CAMPBELL |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Davis and Verna Steverson filed a pro se Complaint (Doc. No. 1) against the Freeman Recovery Center in Dickson, Tennessee, the Dickson Police Department, the Dickson City Hall, and the Dickson County Jail. (*Id.* at 1.) Each Plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. Nos. 2, 3.)

## I. APPLICATIONS TO PROCEED IFP

Plaintiffs' IFP applications sufficiently demonstrate that they cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP applications (Doc. Nos. 2, 3) are **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017)

("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

A. Facts

The Complaint alleges that Plaintiff Davis Steverson was "snatched" out of the passenger seat of a rental car and "slam[m]ed" on his head by Dickson police officers in May of 2023. (Doc. No. 1 at 5.) This happened while his mother and co-plaintiff, Verna Steverson, looked on. (*Id.*) Mr. Steverson was taken to the hospital with head injuries while Mrs. Steverson remained with her vehicle. (*Id.*) At the hospital, multiple police officers "piled on top of Davis," causing him to be unable to breathe and inflicting unbearable pain. (*Id.*) The officers only got off of Davis because a hospital employee walked into the room and hollered at them. (*Id.*) One of the officers who participated in these alleged assaults is Officer Devontae Anthony Sanders. (*Id.* at 2.) A Dickson County judge later ordered police to "release the guns belonging to Verna Steverson," but that order was not followed. (*Id.* at 3.)

The Complaint also alleges that Mr. Steverson went to jail where he remained until August of 2024, and that during that time unidentified jail nurses deprived him of his "life saving medicine," a month's supply of which he had brought with him to the jail. (*Id.* at 2–3, 7.) Instead of giving him this medicine, the jail nurses withdrew all sodium from him, "causing [him] to have a severe heat stroke" that almost killed him. (*Id.* at 2.) While he lay in bed, he was attacked by a fellow inmate, but Mr. Steverson was subsequently disciplined for his role in the altercation. (*Id.* at 2–3.)

Upon his release from jail, Mr. Steverson was left without a ride that had been promised him by Freeman Recovery Center, and walking in one-hundred-degree weather caused him to suffer a second heat stroke. (*Id.* at 7.)

As relief for their claimed injuries, Plaintiffs seek an award of damages. (*Id.* at 1.)

B. <u>Analysis</u>

The Court construes this action for damages against police and other municipal actors as a civil rights lawsuit filed under 42 U.S.C. § 1983. *See Jackson v. City of Cleveland*, 925 F.3d 793, 813 (6th Cir. 2019) ("If a police officer violates the Constitution, '42 U.S.C. § 1983 provides a civil remedy for those' injured by the violation.") (quoting *Peffer v. Stephens*, 880 F.3d 256, 263 (6th Cir. 2018)). Section 1983 authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

The Complaint asserts claims of false arrest, false imprisonment, assault, and failure to return personal property against the Dickson Police Department (Doc. No. 1 at 3), and claims of "theft of medication," "preventable assault," wrongful withholding of sodium, and failure to return personal property against the Dickson County Jail. (*Id.* at 4.)

Freeman Recovery Center is not alleged to be a state actor, nor is the one factual allegation involving this Defendant—its failure to provide a ride or rides for Mr. Steverson—sufficient to support any civil rights claim. The other named Defendants—Dickson City Police Station, Dickson City Hall, and the Dickson County Jail—are buildings, not municipal entities suable under Section 1983. *See, e.g., Lett v. Putnam Cnty. Just. Ctr.*, No. 2:20-CV-00011, 2020 WL 918818, at *2 (M.D. Tenn. Feb. 26, 2020) (citing *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002)) (county jail is a department of the county and not a legal entity susceptible to suit), and *Mathes v. Metro.*

*Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting Tennessee district court cases concluding that police departments and sheriff's offices are not proper parties to a § 1983 suit)).

Even if the Complaint's allegations were sufficient to support a claim against the named individual, Officer Sanders (who was allegedly among the officers who assaulted Mr. Steverson), the Court would decline to allow the filing of an amendment for purposes of naming Sanders or other officers as defendants. Plaintiff's alleged assault, arrest, and imprisonment took place in May 2023, more than one year prior to this case's filing in August 2024, and any claim against the officers involved in those matters would thus be barred by the one-year statute of limitations. "Although the statute of limitations is an affirmative defense that a plaintiff ordinarily need not plead to state a claim, dismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 364 (6th Cir. 2024), *cert. denied sub nom. Wershe v. Detroit*, No. 24-545, 2025 WL 247463 (U.S. Jan. 21, 2025) (citing *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 86 F.4th 1168, 1178 (6th Cir. 2023)). No statute of limitations expressly applies to claims under Section 1983, which instead "borrows the personal-injury statute of limitations from the state in which the claim arose." *Id.* at 365 (quoting *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017)). In Tennessee, the applicable limitations period is one year. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021) (citing Tenn. Code Ann. § 28-3-104(a)(1)). In this case, the limitations period began to run in May 2023, when Plaintiff was allegedly assaulted and arrested, and expired one year later. Thus, the August 2024 filing of this action would be untimely as against any individual officers who might be named as defendants.

The Court also declines to construe the Complaint's allegations against unknown nurses and other jail officials—for "theft of medication," "preventable assault," and "put[ting] Davis [Steverson] on a zero sodium [diet] causing . . . a severe sodium deficient stroke"—as justifying allowance of an amended complaint to name appropriate defendants. Even if such claims were timely, they would fail as a matter of law. The alleged confiscation of medication that an arrestee brings with him to jail and claims to be "life-saving," without any specified ill effects resulting from missing the medication, does not support an inference of unconstitutional conduct. Moreover, a "preventable assault" by a fellow inmate would appear to imply jail officials' negligence, and negligence-based claims cannot be pursued under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (holding that constitutional protections are not "triggered by lack of due care by prison officials," whether those officials are accused of medical malpractice or other negligent actions "causing injury to life, liberty, or property"). The allegation that nurses "cut out any and all sodium" and so endangered Mr. Steverson's life is at best a claim of medical negligence that cannot be pursued under Section 1983, and at worst a claim that is factually frivolous.

Likewise, Plaintiffs' claims concerning the failure of police or jail officials to return personal property are not viable. The Due Process Clause of the Fourteenth Amendment protects against the unlawful taking of a person's property by public officers. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled on other grounds*, *Daniels*, 474 U.S. 327. Because Plaintiffs have not pled the inadequacy of state post-deprivation remedies to assure the return of their confiscated property, they cannot proceed with the federal claim they attempt to assert here. *See Copeland v. Machulis*, 57 F.3d 476, 479–80

(6th Cir. 1995) (citing *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) (holding that § 1983 plaintiffs must "plead and prove" that state remedies are inadequate to redress the deprivation of property if they are to pursue remedy under federal law)).

### III. CONCLUSION

For the above reasons, this case is **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. *Id.* § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE